UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS L. SPEARMAN #320836,

    Plaintiff,

v.

CHAD H. WILLIAMS, et al.,

    Defendants.
_____/

Case No. 1:17-cv-1070

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The remaining Defendants, Chad Williams, David Fenby, and Peter Youngert, filed a motion to dismiss on grounds of qualified immunity. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the motion be granted and this action terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court grants in part and denies in part the objections, and issues this Opinion and Order.

Plaintiff states three objections to the Report and Recommendation (Pl. Obj., ECF No. 32 at PageID.283-290). The Court grants the first and second objections, and denies the third objection, as discussed herein.

Plaintiff's first and second objections are based on the same facts and arguments related to his security classification (*id*. at PageID.287). First, Plaintiff objects to the Magistrate Judge's recommended dismissal of his claim that Defendants Youngert, Williams, and Fenby conspired to increase his security level and transfer him to a higher level prison because he filed grievances against them (*id*. at PageID.283, 287). Second, Plaintiff objects to the recommended dismissal of his claim that Defendants Williams and Fenby retaliated against him by increasing his security level (*id*. at PageID.287).

Plaintiff argues that the Magistrate Judge erred in her determination that Plaintiff's custody security classification did not increase from a Level IV to a Level V as a result of the August 2014 security classification review by Defendant Fenby (*id*. at 284-285; R&R, ECF No. 31 at PageID.275). Upon review of the record, the Magistrate Judge determined that Plaintiff's claim failed because Plaintiff's security classification score was not increased as Plaintiff asserted (R&R, ECF No. 31 at PageID.275). The Magistrate Judge noted that, instead, Plaintiff's Management Score was decreased from 35 to 30 in the August 2014 Security Classification Screen completed by Defendant Fenby (*id*., citing ECF No. 15-1 at PageID.196). Thus, because Management Scores between 25-35 correlate to security level V, "Plaintiff's security classification score did not increase as a result of his August 2014 security classification review" (R&R, ECF No. 31 at PageID.275). Accordingly, Plaintiff's retaliation claim failed because he cannot establish an adverse action sufficient to maintain a retaliation claim; his conspiracy claim likewise failed because he cannot establish that the alleged conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States (*id*. at PageID.275-276).

In his objection, Plaintiff argues that he has never made an issue of his management score and the score is irrelevant because Defendants changed his custody security level by removing a

departure/waiver that lowered his true security classification and placement to Level IV (Pl. Obj., ECF No. 32 at PageID.284-285). Plaintiff asserts that after Defendants transferred him to another prison, the departure/waiver was subsequently reinstated, thus placing him back to a Level IV from a Level V (*id.* at PageID.285, citing Pl. Ex. A, 4/28/15 Security Classification Screen, ECF No. 32-1 at PageID.295).

Plaintiff's argument is arguably valid based on the record before the Court. Defendants' argument and cited evidence do not provide a basis for determining otherwise. Defendants argued that Plaintiff's Security Classification was at a Level V because of his Management Level:

> Management Levels are assigned based on the sum of points given for various criteria identified in the right-hand column of the document. A Level V classification is assigned when a prisoner has between 23-35 point[s]. As of the date of his last screening (January 31, 2014), Spearman had 35 points, placing him at a Level V. The current screen, which Defendant Fenby approved and which, apparently, bears Defendant Williams' recommendation, calculated Spearman's a [sic] Management Score as less than the prior screen (30), but still within the Level V range. Spearman's Security Classification did not increase.

(Defs. Br., ECF No. 22 at PageID.214-215, citing ECF No. 15-1 at PageID.196).

However, the two cited Security Classification Screens show that, despite the Scores correlating to a Management Level V, Plaintiff's "True Security Level" on the 1/31/14 Security Classification Screen was "IV" and his "Actual Placement Level" was "IV"; the Security Classification Screen approved by Defendant Fenby increased Plaintiff's "True Security Level" to "V" and his "Actual Placement Level" to "V" (*compare* Pl. Obj., Ex. A, ECF No. 32-1 at PageID.294, *with* Pl. Am. Compl., Ex. A, ECF No. 15-1 at PageID.196). On this record, the Court cannot determine whether Plaintiff in fact suffered an adverse action to support his retaliation claim and the deprivation of a right or privilege to support his conspiracy claim.

Therefore, the Court grants Plaintiff's first and second objections. The Court rejects the Report and Recommendation as it pertains to Plaintiff's conspiracy and retaliation claims, and

denies without prejudice Defendants' motion to dismiss as to these claims. This matter will be remanded to the Magistrate Judge for further proceedings on these claims. It may well be that Defendants are entitled to dismissal of Plaintiff's claims based on his security classification, but the Court cannot make that determination on the present record and arguments.

Lastly, Plaintiff objects to the Magistrate Judge's determination that Plaintiff's Eighth Amendment claim of abuse should be dismissed (Pl. Obj., ECF No. 32 at PageID.287). The Magistrate Judge determined that Plaintiff's allegations of verbal assault and spitting do not implicate the Eighth Amendment (R&R, ECF No. 31 at PageID.276-277). Plaintiff asserts that the alleged incidents of abuse are more than isolated incidents and taken together amount to serious misconduct by officials (Pl. Obj., ECF No. 32 at PageID.287-288). In support, Plaintiff sets forth case law where abuse by officials did implicate the Eighth Amendment (*id*. at 288-289).

The objection is denied. The authority Plaintiff cites involves official conduct more egregious than that alleged by Plaintiff (*see id*.). The Magistrate Judge properly applied the governing legal principles to the facts and circumstances of this case to conclude that this claim failed (R&R, ECF No. 31 at PageID.276-277).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, except as noted herein. Defendants' motion to dismiss is denied without prejudice as to Plaintiff's conspiracy and retaliation claims, and is granted as to Plaintiff's Eighth Amendment claim. Plaintiff's Eighth Amendment claim is dismissed with prejudice. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 32) are GRANTED IN PART AND DENIED IN PART: the objections regarding Plaintiff's conspiracy and retaliation claims are granted; the objection pertaining to Plaintiff's Eighth Amendment claim is denied; and the Report and Recommendation of the Magistrate Judge (ECF No. 31) is APPROVED and ADOPTED as the Opinion of the Court, except as noted herein.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 21) is GRANTED IN PART AND DENIED IN PART: the Court grants the motion as to Plaintiff's Eighth Amendment claim; the Court denies the motion without prejudice as to Plaintiff's conspiracy and retaliation claims.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that this case is referred back to the Magistrate Judge for further proceedings deemed appropriate by the Magistrate Judge.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: March 18, 2019         /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge