UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS L. SPEARMAN,

    Plaintiff,

v.

CHAD H. WILLIAMS, et al.,

    Defendants.
_____/

Case No. 1:17-cv-1070

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 involving claims that Michigan Department of Corrections (MDOC) employees conspired and retaliated against him in violation of his First Amendment rights. Defendants filed a Motion for Summary Judgment and Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the Court 1) grant Defendants' Motion for Summary Judgment with respect to Plaintiff's conspiracy claim against Defendant Youngert, 2) dismiss Defendant Youngert from the case, 3) deny the balance of Defendants' motion, and 4) deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation. Additionally, Plaintiff has filed a Motion for Court to Take Judicial Notice. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the objection, denies Plaintiff's motion as moot, and issues this Opinion and Order.

## I.     Objection

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendants' Motion for Summary Judgment with respect to the conspiracy claim against Defendant Youngert and dismiss Defendant Youngert from the case (Pl. Obj., ECF No. 79 at PageID.689). Ultimately, Plaintiff asserts that the Magistrate Judge erred in viewing the claim and Defendant Youngert's involvement "through the wrong scope …" by assessing "[Defendant Youngert's] level of involvement in the technical administrative classification process" rather than "assess[ing his] level of involvement in the conspiracy …" (*id.* at PageID.690).  Contrary to Plaintiff's argument, the Magistrate Judge was not misled, and did not look at the issue with the incorrect scope.  The Magistrate Judge set forth the applicable authority for establishing a conspiracy claim and properly concluded that absent any personal involvement by Defendant Youngert in increasing Plaintiff's security classification, the alleged unconstitutional behavior, "there is no basis to impose liability on him for the alleged violation" (R&R, ECF No. 78 at PageID.682; citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). This objection is denied.

## II.     Motion

The Court considered Plaintiff's objection to the Report and Recommendation on the merits without any issue of timeliness; therefore, Plaintiff's motion requesting the Court take judicial notice of his objection as timely filed (ECF No. 82) is moot.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 79) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 78) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 53) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation. Specifically, the Court <u>grants</u> summary judgment with respect to Plaintiff's conspiracy claim against Defendant Youngert, and Defendant Youngert is DISMISSED from this case. The Court <u>denies</u> the balance of Defendants' summary judgment motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 65) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court to Take Judicial Notice (ECF No. 82) is DENIED as moot.

Dated: September 4, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge