UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS L. SPEARMAN,

    Plaintiff,

v.

CHAD H. WILLIAMS, et al.,

    Defendants.
_____/

Case No. 1:17-cv-1070

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed a prisoner civil rights complaint, pursuant to 42 U.S.C. § 1983, based on events that occurred at Carson City Correctional Facility in 2014 (Amended Complaint, ECF No. 8). Before the Court now are Plaintiff's Objections to Magistrate's Report and Recommendation on Defendants' Motion for Summary Judgment (ECF No. 123). The Magistrate Judge's Report and Recommendation recommended that the Court grant Defendants' Motion for Summary Judgment (ECF No. 106) and dismiss Plaintiff's complaint with prejudice (ECF No. 118 at PageID.1010). For the reasons that follow, the Objections are overruled and denied, and the Court approves and adopts the Magistrate Judge's Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court performs *de novo* review to those portions of the Report and Recommendation to which Plaintiff raises specific objection. "De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge." *See, e.g.*, *Lees v. Whitmer*, No. 1:21-CV-820, 2021 WL 4748594, at *1 (W.D. Mich. Oct. 12, 2021) (citing *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981)).

Plaintiff's Objections state that questions of fact remain as to the change in Plaintiff's security classification, resulting in Plaintiff's transfer to a higher security facility in 2014 (ECF No. 123 at PageID.1024). Plaintiff points to the following facts as worthy of further fact finding:

- whether the transfer decision was made based upon Plaintiff's classification points;
- whether Defendant Williams knew Plaintiff had enough management points for a Class V security classification before he arrived at Carson City Correctional Facility; and
- whether Defendants can offer any reason why Plaintiff was not transferred to a Level V facility prior to Plaintiff lawfully engaging in the grievance process.

(*id.* at PageID.1024-1025).

The question for the Court is whether the factual issues Plaintiff points to preclude summary judgment and create triable issues of material fact. "Facts are material when they 'affect the outcome of the suit under the governing law.' . . . '[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.'" *Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *2 (6th Cir. Apr. 13, 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)).

The Court finds that the Objections fail to identify genuine issues of material fact to preclude the Magistrate Judge's recommendation and for Plaintiff to survive the motion for summary judgment. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting *Anderson,* 477 U.S. at 257) ("The plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."); *Young v. Campbell Cty., Kentucky*, 846 F. App'x 314, 320 (6th Cir. 2021) (internal citations and quotations omitted) ("To defeat a summary-judgment motion, the non-movant must put forward evidence on which the jury could

reasonably find for the non-movant"). Plaintiff raises apparent factual questions, but these questions do not address the summary judgment issue as correctly framed by the Magistrate Judge.

The Court does not need to know all the surrounding facts related to security classifications and to Plaintiff's security classification, rather Plaintiff must produce enough facts to create a triable issue on any element of Plaintiff's retaliation claim, here, principally, the element of causality. The Court does not see how the factual questions Plaintiff references pertain to Plaintiff's burden on this motion. *Clabo v. Johnson & Johnson Health Care Sys., Inc.*, 982 F.3d 989, 992 (6th Cir. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment must be entered where the nonmovant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'").

None of the factual issues referenced undermine the Magistrate Judge's fundamental conclusion that the Plaintiff has alleged only at most temporal proximity between the filing of a grievance or grievances and the transferring of Plaintiff to a Level V security facility (ECF No. 118 at PageID.1009). Plaintiff states that the Report and Recommendation failed to address the scope of Plaintiff's multiple grievances (ECF No. 123 at PageID.1027). This is inaccurate, however. The Magistrate Judge addressed Plaintiff's best argument and found that Plaintiff's multiple grievances in fact hurt Plaintiff's circumstantial evidence of causality via the temporal proximity argument (ECF No. 118 at PageID.1009).

The other objections fail to engage with the Magistrate Judge's well-reasoned Report and Recommendation, which viewed the factual evidence in the light most favorable to Plaintiff. Plaintiff's objections do nothing to change the Magistrate Judge's conclusion that there is no affirmative evidence in the record that Plaintiff's grievance was a cause of Plaintiff's transfer:

there is no evidence that "the Youngert grievance influenced Fenby's transfer decision in any manner," and "there is no evidence that Defendant Fenby was even aware of the Osbourne grievance" (*id.* at PageID.1005-1006). Plaintiff does not address or rebut this determinative conclusion.

Plaintiff registers five objections but none of them rebut the Magistrate Judge's analysis or show a causal connection between Plaintiff's grievance and the alleged adverse action of transferring Plaintiff to a higher security facility. Plaintiff resorts to misdirection in stating that "[n]one of the Defendants can offer any reason why Plaintiff was not transferred to a Level V facility prior to Plaintiff lawfully engaging in the grievance process" after Plaintiff had accumulated sufficient points for the higher management level (ECF No. 123 at PageID.1205). This suggestive reach, which, if anything, hinders Plaintiff's position, is not alone sufficient and in conjunction with other facts for a reasonable juror to rule for Plaintiff, the non-movant. *Anderson*, 477 U.S. at 249-50. As should be clear, the use of discretion in affording Plaintiff second chances on Plaintiff's security classification on one occasion but not another, is not sufficient or affirmative evidence that Defendants' re-classification and transfer was retaliatory. *See id.* at 248.

The evidence shows that Defendant was transferred to a higher security facility, after he committed additional acts of misconduct when he had already accumulated sufficient management level points to be transferred to a higher security facility. The Court, therefore, finds it implausible that Plaintiff's use of the grievance process was the cause of Plaintiff's transfer. "Circumstantial evidence may be sufficient to carry this burden, but in considering a summary-judgment motion, courts 'may . . . inquire into the plausibility of circumstantial evidence.'" *Bard v. Brown Cnty*, 970 F.3d 738, 748 (6th Cir. 2020) (quoting *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).

Plaintiff does not rebut the Magistrate Judge's finding that the transfer process had been initiated prior to Plaintiff's grievances, precluding a causal connection between Plaintiff's protected activity and the transfer (ECF No. 118 at PageID.1005).  Plaintiff brings forward no evidence that within the context of Plaintiff's security classification profile that the transfer was based on factors other than Plaintiff's misconduct to create a triable issue of summary judgment on the causality element. The Magistrate Judge's Report and Recommendation thoroughly considered the evidentiary record and the parties' arguments.  The Court finds that the Report and Recommendation recommending the grant of Defendants' Motion for Summary Judgment (ECF No. 118) is factually sound and legally correct.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Magistrate's Report and Recommendation on Defendants' Motion for Summary Judgment (ECF No. 123) are **OVERRULED** and **DENIED**.

**IT IS FURTHER ORDERED** that the Court **APPROVES** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 118) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 106) is **GRANTED**.

Because this Opinion and Order resolve all pending claims in this matter, a corresponding Judgment will issue.  *See* FED. R. CIV. P. 58.


Dated:  March 24, 2022　　　　　　　　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge