UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RUFUS L. SPEARMAN,

        Plaintiff,

v.

CHAD H. WILLIAMS, et al.,

        Defendants.
_____/

Case No. 1:17-cv-1070

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This matter returns to the Court following the decision of the Sixth Circuit Court of Appeals to vacate this Court's dismissal of Plaintiff's claim against Defendant Osbourne under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA"), as untimely.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). These provisions of the PLRA are applicable at "any time" during an "action or appeal." 28 U.S.C. §§ 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will

dismiss Plaintiff's remaining RLUIPA claim against Defendant Osbourne for failure to state a claim.

## Discussion

### I.     Factual Allegations & Procedural History

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff originally sued several individual Defendants; however, following remand, the only remaining claim is that Defendant Correctional Officer David Osbourne violated Plaintiff's rights under RLUIPA by confiscating Plaintiff's religious literature. Order, *Spearman v. Williams*, No. 22-1309 (6th Cir. July 17, 2023), (ECF No. 136).

As relevant to Plaintiff's remaining claim, in his amended complaint, Plaintiff alleges that, on April 24, 2014, Plaintiff's roommate attacked him. (Am. Compl., ECF No. 8, PageID.51.) Plaintiff subsequently informed certain officials, including Defendant Osbourne, who all instructed Plaintiff to write a statement requesting protective custody. (*Id.*, PageID.52–53.) Plaintiff was then assigned to a different wing within the same housing unit. (*Id.*, PageID.53.) Defendant Osbourne and another correctional officer packed Plaintiff's belongings for the move. (*Id.*) When Plaintiff arrived in his new housing unit, Plaintiff noticed that items of Plaintiff's personal property were missing, including Plaintiff's religious scrolls. (*Id.*) When Plaintiff confronted Defendant Osbourne about the missing property, Defendant Osbourne accused Plaintiff of being a "snitch." (*Id.*, PageID.53–54.) Plaintiff never received his religious scrolls, preventing Plaintiff from practicing his religion. (*Id.*, PageID.53.)

Plaintiff's amended complaint does not specify whether Plaintiff sues Defendant Osborne in his individual or official capacity. He seeks injunctive relief and compensatory and punitive damages.

On initial screening, the Court "properly determined that most of Spearman's claims are time-barred." Order, *Spearman*, No. 22-1309, (ECF No. 136, PageID.1140). In the Court's opinion and order partially dismissing the case on preliminary review, the Court had dismissed all of Plaintiff's claims that accrued before July 24, 2014, including Plaintiff's RLUIPA claim against Defendant Osbourne, concluding that the applicable statute of limitations barred those claims. The Court did not address Plaintiff's claims that accrued before July 24, 2014, on the merits. The Court later dismissed Plaintiff's claim regarding certain events that occurred on August 18, 2014, for failure to state a claim and granted summary judgment on Plaintiff's remaining claims. Plaintiff appealed.

On appeal, the Sixth Circuit affirmed the dismissal of Plaintiff's § 1983 claims that accrued before June 24, 2014, as untimely. Order, *Spearman*, No. 22-1309, (ECF No. 136, PageID.1141). The Sixth Circuit further concluded that Plaintiff's July 22, 2014, and August 18, 2014, claims were legally insufficient, *id.*, (ECF No. 136, PageID.1141–1142), and that Defendants were entitled to summary judgment as to Plaintiff's August 7 and August 26, 2014, claims, *id.*, (ECF No. 136, PageID.1145).

However, the Sixth Circuit determined that this Court improperly included Plaintiff's RLUIPA claims with Plaintiff's § 1983 claims when making its determination regarding the timeliness of Plaintiff's claims. Explaining that RLUIPA claims are subject to a four-year limitations period—rather than the three-year period applicable to claims under § 1983—the Sixth Circuit concluded that Plaintiff's claim that Defendant Osbourne confiscated his religious

3

literature in April 2014 was timely, vacating this Court's earlier dismissal and remanding for further proceedings as to that claim only. *Id.*, (ECF No. 136, PageID.1142–1145). The Sixth Circuit did not address whether Plaintiff's RLUIPA claim against Defendant Osbourne sufficiently states a cause of action; therefore, this Court will now do so.

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on screening review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

Following remand, Plaintiff's only remaining claim is that Defendant Osbourne violated Plaintiff's rights under RLUIPA by confiscating Plaintiff's religious literature. RLUIPA prohibits

4

any government from imposing a "substantial burden on the religious exercise" of a prisoner unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). However, RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011)[1]; *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .")[2] Therefore, to the extent that Plaintiff brings his RLUIPA claim against Defendant Osborne individually, his claim will be dismissed.

Moreover, RLUIPA does not permit damages claims against prison officials in their official capacities. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In *Sossamon*, the Supreme Court held that RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. 563 U.S. 277; *see also*

---

[1] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

[2] In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id*. at 567–69. The court stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

5

*Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Therefore, although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. Thus, even if this Court were to liberally construe Plaintiff's complaint as raising a RLUIPA claim against Defendant Osborne in his official capacity, Plaintiff's claim for monetary damages would be subject to dismissal.

Sovereign immunity, however, would not bar a RLUIPA claim seeking declaratory or injunctive relief against Defendant Osborne in his official capacity. *See Ex Parte Young*, 209 U.S. at 159–60. An official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See id.* (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). But, importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Even at the time that Plaintiff filed his amended complaint, Plaintiff was no longer confined at DRF, which is where he avers that Defendant Osborne was employed and where the harm allegedly occurred.

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for declaratory and injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Underlying this rule is the premise that such relief is appropriate only where a plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself,

sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *id.*; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

Plaintiff has been transferred more than once since the April 2014 events described in the amended complaint, and he has not alleged facts that would show that he will be subjected to further future conduct by Defendant Osbourne. Therefore, Plaintiff does not seek relief properly characterized as prospective. *See Ladd*, 971 F.3d at 581. Thus, the Court will dismiss Plaintiff's RLUIPA claim for injunctive relief against Defendant Osbourne in his official capacity to the extent pled.[3]

Accordingly, for all of the reasons set forth above, Plaintiff's RLUIPA claim against Defendant Osbourne will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will

---

[3] Even if *Sossamon* and *Haight* did not bar a claim against Defendant Osbourne, individually, for injunctive relief, Plaintiff's individual capacity claim for injunctive relief would be subject to dismissal as moot for the same reasons outlined here.

7

assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

 A judgment consistent with this opinion will be entered.


Dated: October 17, 2023     /s/ Janet T. Neff
                 Janet T. Neff
                 United States District Judge